**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 17 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-33871 |
| | ) | |
| Bonnie Rolince, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

<u>ORDER DENYING CONFIRMATION OF</u>

<u>CHAPTER 13 PLAN</u>

This case came before the court on March 10, 2015, for hearing on confirmation of Debtor's pending proposed Chapter 13 plan [Doc. # 15]. The Chapter 13 Trustee and Attorney for Debtor appeared in person at the hearing.

The Chapter 13 Trustee does not recommend confirmation of Debtor's proposed plan.

Debtor filed this case on October 23, 2014. She was previously a debtor in Chapter 7 case 09-32983,[1] which was filed on May 5, 2009, and in which Debtor received a Chapter 7 discharge under § 727 of the Bankruptcy Code, 11 U.S.C. § 727(a). As a result, Debtor is not eligible for another Chapter 7 discharge for 8 years after the May 5, 2009, filing date of Case 09-32983. 11 U.S.C. § 727(a)(8). The eight year

---

[1]The court takes judicial notice of the contents of its case dockets and records. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

prohibition will expire in May 2017, during the term of Debtor's proposed plan.

In this case, Debtor schedules general unsecured debt of $13,054, arising from credit cards, and $53,756 in first mortgage debt encumbering her home. She is a below median income debtor with low monthly net income of only $1,470.85 /per month, including food stamp assistance and wages from her employment at a Wal-Mart, where she has worked for seven years.

Debtor's plan proposes to pay the Chapter 13 Trustee $60.00 per month for the maximum allowed plan duration of 5 years. *See* 11 U.S.C. § 1322(d)(2)(plan duration for below median income debtor may not provide for payments for longer than 3 years unless the court, for cause, approves a longer period, not to exceed 5 years). She proposes to pay her first mortgage debt directly and not through the Chapter 13 Trustee, there being no apparent mortgage arrearage requiring cure. Under Debtor's proposed plan, her unsecured creditors would be paid a total distribution of 1% of their claims, or a total pro rata distribution of $134.00, whichever is greater, subject to increase only through contribution of any tax refunds received by Debtor during the life of the plan.

The order of distribution under the proposed plan (and the statute) would be first, to the Trustee's statutory commission, then to other administrative expenses, and then to her unsecured creditors. Specifically, the administrative expense to be paid through the plan would be Debtor's lawyer's fees. As of the confirmation hearing, counsel had not filed a fee application. However, the Rule 2016 Disclosure of Compensation discloses a total attorney's fee of $3,000, of which $100 was paid by Debtor before the case was filed and, presumably, the $2,900 balance is to be paid by the Trustee through the plan. At the rate of a $60 per month plan payment, absent any tax refunds, more than 4 years of the plan would be devoted to paying administrative expenses, mostly lawyer's fees. Unsecured creditors would not receive even their minimal distribution under the plan, if any, until the very end. And by then, the 8 year limitation on filing another Chapter 7 case will have passed in 2017, making the likelihood that Debtor actually completes her proposed plan slim. Rather, this plan scenario portends paying only Debtor's lawyers fees[2] until Debtor regains her eligibility to seek a Chapter 7 discharge, when a voluntary dismissal of this case would likely ensue. Under these circumstances, Debtor will have the benefit of the automatic stay for years while, in the end, paying her unsecured creditors nothing.

---

[2] As counsel had not filed an application for payment of fees and reimbursement of expenses prior to the confirmation hearing, the court will withhold present comment as to whether those fees would be reasonable, 11 U.S.C. § 330(a), under Debtor's financial circumstances and the circumstances of this case described above.

2

Debtor must meet two "good faith" standards among the requirements for confirmation of a Chapter 13 plan. The court must find that Debtor filed her case in good faith. 11 U.S.C. § 1329(a)(7). The court must also find that Debtor's plan is proposed in good faith. 11 U.S.C. § 1329(a)(3).

The court finds that Debtor filed her case in good faith. She is a long time, hardworking employee of Wal-Mart trying to keep her mortgage paid and make ends meet on her wages. She supplements those wages with food stamps and, evidently, credit card use.

But the court cannot find that Debtor has proposed her plan in good faith. Debtor has the burden of proving good faith in proposing her plan. *Hardin v. Caldwell (In re Caldwell)*, 895 F.2d 1123, 1126 (6th Cir. 1990). While Congress did not define "good faith" under § 1329(a)(3), the Sixth Circuit Court of Appeals holds that good faith is to be determined from the totality of the circumstances of a debtor's conduct, both before and after the commencement of the Chapter 13 case. *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427, 432 (6th Cir. 1982); *Ohio Student Loan Comm'n v. Doersam (In re Doersam)*, 849 F.2d 237, 239 (6th Cir. 1988); *Metro Emps. Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah)*, 836 F.2d 1030, 1033 (6th Cir. 1988). "In the final analysis, good faith should be evaluated on a case-by-case basis in light of the structure and general purpose of Chapter 13." *Doersan,* 849 F.2d at 239. And, in turn, the Sixth Circuit identifies the fundamental purpose undergirding Chapter 13 plans as "a sincerely-intended repayment of pre-petition debt consistent with the debtor's available resources." *Okoreeh-Baah*, 836 F.2d at 1033.

Based on the scenario outlined above, Debtor's plan fails the fundamental purpose of Chapter 13 stated by the Sixth Circuit in *Okoreeh-Baah*. As the court postulates, Debtor's plan is unlikely to result in any actual payment of even the proposed 1% or $134, whichever is greater, to her unsecured creditors by the end of 5 years time.[3] Rather, it appears from the plan and the other facts of the case that only Debtor's lawyer and the Chapter 13 Trustee's statutory commission, as a carrying charge for the case, will receive any distribution under this proposed plan. There will end up being no payment to her unsecured creditors, however limited.

To be clear, the problem in this case is subtly different than a similar one encountered in other cases where the only purpose of the plan is to pay lawyer's fees because a debtor otherwise eligible for Chapter

---

[3]The only apparent cause for extending the plan to 5 years is that the expected lawyer's fee of $2,900 would not be paid during the basic statutory 3 year time period for a below median income debtor's Chapter 13 plan. As the court is denying confirmation because Debtor has not proposed her plan in good faith, the court will not opine on whether this constitutes sufficient cause for extension of the plan period beyond 3 years under § 1322(d)(2).

3

7 relief cannot afford the up-front attorney's fees. *Cf., e.g., In re Puffer*, 674 F.3d 78 (1st Cir. 2012). Rather, Debtor in this case is not eligible for Chapter 7 relief. The bankruptcy court in *In re Paley*, 390 B.R. 53, 59-6 (Bankr. N.D.N.Y. 2008), aptly captured and described this court's analysis of and the general circumstances of this case, as follows:

> A plan whose duration is tied only to payment of attorney's fees simply is an abuse of the provisions, purpose, and spirit of the Bankruptcy Code. These cases, basically Chapter 7 cases hidden within Chapter 13 petitions, blur the distinction between the chapters into a meaningless haze. To allow them to go forward would, in effect, judicially invalidate § 727(a)(8)'s requirement of an 8 year hiatus between Chapter 7 discharges and replace it with either the four year break required by § 1328(f)(1), or the two year gap mandated by § 1328(f)(2).

Again, Debtor has the burden of proving that her plan is proposed in good faith. She has not shown the court that its analysis of how this case and her plan will unfold is incorrect. And in the court's view, that means her plan has not been proposed in good faith.

**IT IS THEREFORE ORDERED** that confirmation of Debtor's proposed plan, [Doc. # 15], filed on February 4, 2015, is **DENIED,** with leave for Debtor to file and serve another proposed plan granted through and including **April 17, 2015,** absent which the Trustee will file a motion to dismiss this case under 11 U.S.C. § 1307(c).

###